**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Angel E.G.S.,

Petitioner,

v.

Todd Blanche, *Acting Attorney General, United States Department of Justice*; Markwayne Mullin, *Secretary, U.S. Department of Homeland Security*; and David Venturella, *Senior Official Performing Duties of Director of United States Immigration and Customs Enforcement*,

Respondents.

Civil No. 26-1668 (DWF/SGE)

**MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

This matter is before the Court on Petitioner Angel E.G.S.'s motion for attorney fees under the Equal Access to Justice Act ("EAJA"). (Doc. No. 11.) Respondents oppose the motion. (Doc. No. 18.) For the reasons set forth below, the Court grants the motion and awards $11,148.91 in attorneys' fees.

## BACKGROUND

Petitioner is a citizen of Ecuador and resident of Minneapolis, Minnesota. (Doc. No. 1 ¶¶ 2, 25.) On January 7, 2026, Petitioner was arrested and detained by U.S. Immigration and Customs Enforcement ("ICE") without a warrant on his way home from work. (*Id.* ¶¶ 4, 28.) Petitioner filed the Petition on February 27, 2026, claiming that his detention was unlawful under the Due Process Clause of the Fifth Amendment, the

Immigration and Nationality Act, the Fourth Amendment, and federal regulations. (Doc. No. 1.) That same day, this Court ordered Respondents to file an answer by March 2, 2026, and include a reasoned memorandum addressing each count in the Petition. (Doc. No. 3.) Respondents timely filed a form response, which asserted that Petitioner was lawfully detained under 8 U.S.C. § 1225(b)(2)(A) as an "applicant for admission" and failed to address any other arguments brought by Petitioner. (Doc. No. 5.)

On March 4, 2026, the Court granted the Petition and ordered Petitioner's immediate release. (Doc. No. 7.) The Court first found that Petitioner was not an "arriving" noncitizen, so he was subject to the discretionary bond provisions of 8 U.S.C. § 1226(a) instead of the mandatory provisions of § 1225(b)(2)(A). (*See id.*) The Court also found that Petitioner could not be detained under § 1225 because Respondents had previously released him on his own recognizance under § 1226 and failed to show that his release order had been revoked or that any change in circumstances warranted its revocation. (*Id.*) Sections 1225 and 1226 are not interchangeable, so Petitioner's previous treatment under § 1226 was fatal to Respondents' assertion that Petitioner was lawfully detained under § 1225. (*Id.*) Petitioner now moves for attorneys' fees and costs under the EAJA. (Doc. No. 11.)

## DISCUSSION

The EAJA provides that a party who prevails in a civil action against the United States must be awarded fees and other expenses "unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). A "substantially justified" position "need not be correct" so long as it has "a reasonable

basis in law and fact." *Bah v. Cangemi*, 548 F.3d 680, 683-84 (8th Cir. 2008) (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). The government bears the burden of proving that its position was substantially justified. *See Friends of the Boundary Waters Wilderness v. Thomas*, 53 F.3d 881, 885 (8th Cir. 1995).

Respondents oppose Petitioner's fee motion on two grounds. First, they argue that the EAJA does not apply to habeas cases because habeas cases are not "civil actions." The Court respectfully disagrees. Although the Eighth Circuit has not expressly addressed this question, it has generally treated habeas petitions as civil actions under the EAJA. *See, e.g.*, *Bah*, 548 F.3d at 685 ("The civil action in which Bah had prevailed was his petition for a writ of habeas corpus . . . ."). Moreover, the Supreme Court has repeatedly explained that habeas proceedings are civil in nature. *See, e.g.*, *Banister v. Davis*, 590 U.S. 504, 507 (2020); *see also* Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus . . . ."). This is sufficient for the Court to conclude that habeas petitions challenging immigration detention are civil actions under the EAJA.

Second, Respondents argue that their position was substantially justified. (Doc. No. 18.) As this Court has found previously, Respondents' position on the application of § 1225 and § 1226 was substantially justified because there was division among courts, and even between judges in this District, and the Eighth Circuit subsequently adopted Respondents' interpretation in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). *See Luis E.V.V. v. Lyons*, No. 26-cv-898, slip op. at 2-3 (D. Minn. May 15, 2026). However, the Court's order did not rest solely on the resolution of the § 1225 and § 1226 issue. The Court also explained that Respondents had not shown the authority to change their initial

determination that Petitioner should be treated under § 1226 or shown cause to revoke Petitioner's previous release order under § 1226. Respondents never addressed this alternative basis for relief. And Respondents do not now explain why their failure to address this alternative basis for relief was substantially justified. *See, e.g.*, *Angel O. v. Mullin*, No. 26-cv-0822, 2026 WL 2280912, at *2 (D. Minn. Aug. 7, 2026) (holding that Respondents' failure to address the Court's alternative bases for relief was not substantially justified). Accordingly, Petitioner is entitled to attorneys' fees under the EAJA.

Lastly, the Court must determine the amount of attorneys' fees. Petitioner's counsel requests $12,041.20 in attorneys' fees for 46 hours of work—24.5 hours through the filing of the motion for attorneys' fees and 21.5 hours for their work on the reply to Respondents' opposition memorandum. Respondents do not contest the adjusted rate used by Petitioner's counsel; rather, they argue that the number of hours spent on some tasks was unreasonable. Specifically, the 2 hours spent preparing and executing a retainer agreement, the 2.5 hours spent analyzing the order granting release and communicating with Petitioner regarding its contents, and the 10.5 hours spent preparing the fee petition.

After a review of the record, the Court finds the rate is reasonable but slightly reduces the number of hours requested. First, the requested rate of $267.36 is similar to a rate the Court previously found reasonable. *See Jafet L.C. v. Blanche*, No. 26-cv-903, 2026 WL 1361497, at *2 (D. Minn. May 15, 2026) (finding $261.12 per hour to be reasonable and explaining accepted rate formulas). Second, the requested number of

hours is somewhat unreasonable given the novelty and difficulty of the questions, the complexity of the facts, and the skill required by the attorneys performing the legal services. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 & n.9 (1983) (discussing factors relevant to the reasonableness of an EAJA award); *see also, e.g.*, *Evans v. Berryhill*, 298 F. Supp. 3d 1210, 1212-13 (D. Minn. 2018) (applying these factors to determine reasonable hours). The Court agrees with Petitioner's counsel that the time spent prior to their reply brief was reasonable. Communicating with clients, working through issues with multiple parties, researching new issues, and preparing motions takes time. The Court takes issue with the 21.5 hours[1] spent only on the reply to Respondents' opposition memorandum. While Respondents did raise a new and complex issue that Petitioner needed to address in the reply, some of the time spent appears excessive. The Court finds that a 20 percent reduction in hours spent on the reply is appropriate to reach a reasonable number of hours. Accordingly, the Court awards $11,148.91 in attorneys' fees.

**ORDER**

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Respondents' motion to strike (Doc. No. [25]) is **DENIED**.

[1] Respondents move to strike the Declaration of Joshua J. Rissman that was filed along with Petitioner's reply memorandum. (Doc. No. 25.) The Court denies the motion. A party may file a declaration along with its reply memorandum in certain situations, for example, when a declaration is needed to add important details to the record that were not relevant or in existence prior to the motion's filing. Respondents alternatively requested leave to a surreply. Surreplies are generally disfavored and the Court finds that a surreply is unnecessary here.

2. Petitioner's motion for attorney fees (Doc. No. [11]) is **GRANTED**.

3. Petitioner's counsel is awarded $11,148.91 in attorneys' fees.

Dated: September 2, 2026

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge